UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DAVID PRESCOTT,

    Plaintiff,

v.

                      408CV136

SPENCER LAWTON, JR. and
JOHN P. SUGRUE,

    Defendants.

## ORDER

Twice now, inmate/plaintiff David Prescott has filed a 42 U.S.C. § 1983 action complaining about alleged flaws in the same state criminal proceedings against him. *Prescott v. Sugrue*, 404CV106, doc. ## 8, 11, 12 (S.D.Ga. 2004) (dismissing his case as baseless, in no small part because it was barred by *Heck v. Humphrey*, 512 U.S 477 (1994) (one cannot invoke a civil rights suit to litigate what in reality is a habeas corpus petition));[1] doc. # 17 (appeal dismissed for want of prosecution); *Prescott v. Lawton, Jr.*, 408CV136 (S.D.Ga. Complaint filed 7/14/08) (same *Heck* analysis, same result).

Having suffered a dismissal on the merits in this second case (the Court missed the fact that Prescott has trekked down this path before; otherwise, the merits would not have been reached but instead the case would have been dismissed on procedural grounds), Prescott evidently figured out that he either has just struck out or is on the verge of doing so (each baseless case or appeal constitutes a "strike" within the meaning of 28 U.S.C. § 1915(g)).[2]

---

[1] The *Heck* court held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87 (footnote omitted).

[2] As the Eleventh Circuit explained:

> Section 1915(g), as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), precludes a prisoner from "bring[ing] a civil action ... under [§ 1915(a)(1), which authorizes inmates to file a lawsuit without paying court filing fees up front, but instead over time] if the prisoner has, on 3 or more prior occasions," brought an action that was dismissed either as frivolous or because the complaint failed to state a claim for relief, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

*Miller v. Donald*, ___ F.3d ___, 2008 WL 3984054 at * 1 (11th Cir. 8/29/08); *see also Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (a § 1983 claim which falls under *Heck* rule is legally frivolous); *Malek v. Reding*, 195 Fed.Appx. 714, 716 (10th Cir. 2006) (enumerating distinctions on which appellate dispositions constitute a § 1915(g) strike); *Owens v. Isaac*, 487 F.3d 561, 563 (8th Cir. 2007) ("strike" distinctions in general); 35B C.J.S. FEDERAL CIVIL PROCEDURE § 1320 (*Three strikes rule*) (June 2008).

The D.C. Circuit held that a dismissal for failure to prosecute an appeal does not count as a strike. *Butler v. Department of Justice*, 492 F.3d 440, 443 (D.C.Cir.2007); *see also Keeton v. Cox*, 2007 WL 4554338 at * 2 (E.D.Cal. 2007) (dismissal for failure to prosecute a cse does not constitute strike); *but see Ruff v. Ramirez*, 2007 WL 4208286 at * 5 (S.D.Cal.2007) (dismissal for failure to prosecute by itself is not within ambit of Section 1915(g); however, such dismissal qualifies as strike when it is based upon plaintiff's failure to file amended complaint after court dismissed original complaint as frivolous and

Hence, he now moves -- after losing this case on the *merits* -- to dismiss it "without prejudice" (*i.e.*, as if the merits had never been reached). Doc. # 13. He insists that he was misled by another inmate, did "not kno[w] any better," and is indigent. *Id.* He also seeks "forgiveness." *Id.* He filed this motion, incidentally, just 6 days after moving for reconsideration on the *merits*. Doc. # 12.

Of course, litigation does not and must not work that way. No one may tax the resources of this Court and then, once informed of their losing hand, get their chips back. Too-big-to-fail financial flyers *may* get bailed out. Small-change-serial filers may not. David Prescott's motions for reconsideration and for dismissal without prejudice (doc. ## 12, 13) therefore are ***DENIED***.

The Clerk of Court, meanwhile, is directed to investigate revising the Court's docketing software so that repeat filers are automatically detected and illuminated. Fallible human operators should act as only a second line of defense against abusive filers who are best interdicted by a first line: a computer-detection system that automatically illuminates a repeat filer once a docketing clerk re-enters his name into the docketing system.

This __6__ day of October, 2008.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

afforded plaintiff leave to amend), cited in *Daniels v. Woodford*, 2008 WL 2079010 at * 6 (C.D.Cal. 5/13/08) (unpublished).